IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIKA YOSHIMURA, | CIV. NO. 26-00072 JMS-RT |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS, ECF NO. 8 |
| v. | |
| EOS ACCOUNTANTS, LLP; MASANOBU TSUCHIYA; ALEX KITAJIMA; AND KAREN HESS, | |
| Defendants. | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, ECF NO. 8**

Under Federal Rule of Civil Procedure 12(b)(6), Defendants EOS Accountants, LLP; Masanobu Tsuchiya; Alex Kitajima; and Karen Hess (collectively, "Defendants") move to dismiss Plaintiff Mika Yoshimura's ("Plaintiff" or "Yoshimura") Complaint. ECF No. 8. Defendants' Motion to Dismiss relies almost entirely on incorporating by reference a November 15, 2022 offer letter (the "offer letter") from Defendant Masanobu Tsuchiya to Plaintiff. *See* ECF No. 8-1 at PageID.110 (motion); ECF No. 8-3 (offer letter). The Motion argues that the Complaint's breach of contract claim fails because it is inconsistent with the offer letter, and the promissory estoppel claim is barred by the parole evidence rule because the claim contradicts the terms of the offer letter. The Motion then argues that all the other counts (sounding in illegal employment discrimination and resulting emotional distress) fail because they "are all

inextricably derived from [Plaintiff's] breach of contract claim."  ECF No. 8-1 at

PageID.113.  As explained to follow, however, the court cannot incorporate the

offer letter by reference.  And without the offer letter, Defendants' Motion

necessarily fails.

"Generally, district courts may not consider material outside the

pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the

Federal Rules of Civil Procedure."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d

988, 998 (9th Cir. 2018) (citation omitted).  Under Rule 12(b)(6), the court accepts

as true the well-pleaded factual allegations of a complaint and construes them in

the light most favorable to the nonmovant.  *See, e.g.*, *Steinle v. City & County of*

*San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019).  Although the offer letter was

not attached to the Complaint, Defendants rely on an exception to the rule:

"incorporation-by-reference, [which] is a judicially created doctrine that treats

certain documents as though they are part of the complaint itself."  *Khoja*, 899 F.3d

at 1002.  Defendants cite *Branch v. Tunnel*, 14 F.3d 449, 453–54 (9th Cir. 1994),

*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119

(9th Cir. 2002), for the proposition that a court may consider evidence at a motion

to dismiss stage "if the complaint specifically refers to the document and if its

authenticity is not questioned" and if the document is central to a plaintiff's claim.

And the Motion to Dismiss notes that a court may treat such a document as "part of

the complaint, and thus may assume that its contents are true for purposes of a

motion to dismiss under Rule 12(b)(6)." ECF No. 8-1 at PageID.110–111 n.1

(quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

"The [incorporation-by-reference] doctrine prevents plaintiffs from

selecting only portions of documents that support their claims, while omitting

portions of those very documents that weaken—or doom—their claims." *Khoja*,

899 F.3d at 1002 (citation omitted). Nevertheless, "[a]lthough the doctrine is

straightforward in its purpose, it is not always easy to apply." *Id.* For example, the

Ninth Circuit "has held that 'the mere mention of the existence of a document is

insufficient to incorporate the contents of a document' under *Ritchie*." *Id.* (quoting

*Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). But it can be

proper to incorporate documents if a claim "necessarily depended on them" or

"were premised" on them. *Id.* (citations omitted).

"However, if the document merely creates a defense to the well-pled

allegations in the complaint, then that document did not necessarily form the basis

of the complaint." *Id.* "Otherwise, defendants could use the doctrine to insert their

own version of events into the complaint to defeat otherwise cognizable claims."

*Id.* (citations omitted). That is, a court cannot "assume the truth of an incorporated

document if such assumptions only serve to dispute facts stated in a well-pleaded

complaint." *Id.* at 1003. "[T]he doctrine is not a tool for defendants to short-

3

circuit the resolution of a well-pleaded claim." *Id.* And so, *Khoja* cautioned courts about what inferences it may draw from incorporated documents, "consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.* (citations omitted). Similarly, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999.

Applying the doctrine here, Plaintiff's claims do not "necessarily depend" on the offer letter. Nor are her claims "premised" on it. Although the offer letter is mentioned a few times (*see, e.g.*, ECF No. 1-2 at PageID.14, 20, 21), Plaintiff's claims are broader—they allege that Defendants made promises beyond the written terms of the letter,[1] and violated the law *irrespective* of the offer letter.[2] Plaintiff's claims are not premised on a breach of the terms of the offer letter. Rather, Defendants are using the offer letter as a basis for their defense, and to contradict the plausible allegations of a well-pled complaint—inconsistent with the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1003 (explaining that

---

[1]  *See, e.g.*, ECF No. 1-2 at PageID.23 ("Based on that assurance, Yoshimura reasonably expected to be promoted to partner at the start of the next EOS fiscal year"); *id.* at PageID.26 ("On September 25, 2023 . . . Usui again confirmed that EOS's promise to Yoshimura of partnership consideration was derailed by Tsuchiya"); *id.* at PageID.32 ("EOS made a binding promise to Yoshimura to hire her as a Partner, and to consider her for equity partnership within a couple of years.").

[2]  *See, e.g.*, ECF No. 1-2 at PageID.26–27 (unlawful gender-based discrimination, intentional infliction of emotional distress); *id.* at PageID.28–31 (gender discrimination, retaliation, intentional infliction of emotional distress).

defendants may not use an incorporated document "to insert their own version of events into the complaint"). Defendants are attempting to use the doctrine as "a tool . . . to short-circuit the resolution" of well pleaded claims.[3] *Id.* Accordingly, Defendants' Motion to Dismiss, ECF No. 8, is DENIED.

> IT IS SO ORDERED.
> DATED:  Honolulu, Hawaii, April 13, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

[3] Indeed, Defendants' Motion often violates the principle that, under Rule 12(b)(6), the court accepts the well-pleaded factual allegations of a complaint and construes them in the light most favorable to the nonmovant. *See, e.g.*, *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). Instead, Defendants construe the allegations in the light most favorable to *Defendants*. For example, the Motion states that "Plaintiff's practice undisputably operated at a net loss and she was unable to increase her revenue." ECF No. 8-1 at PageID.111 (citing paragraphs 67 and 94 of the Complaint). But paragraph 67 in this regard alleges "[o]n September 25, 2023 . . . Usui also raised for the first time that Yoshimura's gross profit was too low as an additional reason for not considering her promotion to partner as promised. . . ." ECF No. 1-2 at PageID.26 ¶ 67. And paragraph 94 alleges in full:

> On October 31, 2024 Yoshimura received a performance review.
> This was after raises and promotions had been finalized for
> everyone, including Yoshimura. But the review continued to focus
> on pretextual purported shortcomings.

*Id.* at PageID.32 ¶ 94. Elsewhere, the Motion states that "During her two years at EOS, Plaintiff was not promoted to become an income partner, even though EOS has and continues to offer income partnership to other qualified and eligible female employees." ECF 8-1 at PageID.112 (citing paragraph 52 of the Complaint). But paragraph 52 alleges in full:

> EOS has no female equity partners. Instead, its few female
> partners are all employed, and the vast majority of its
> female professionals are relegated to lesser titles of
> Principal or Senior Manager.

*Id.* at PageID.23 ¶ 52.